Of Counsel:
FUKUNAGA MATAYOSHI CHING & KON-HERRERA, LLP

WESLEY H. H. CHING          2896
SHEREE KON-HERRERA          6927
DARA S. NAKAGAWA            10972
Topa Financial Center, Bishop Street Tower
700 Bishop Street, Suite 2003
Honolulu, Hawaii 96813
Telephone:  (808) 533-4300
Facsimile:  (808) 531-7585
Email:      whc@fmhc-law.com
            skh@fmhc-law.com
            dsn@fmhc-law.com

Attorneys for Defendant
AMAZON.COM SERVICES LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, a/s/o MOANA Z, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>VIVOHOME, INC., AMAZON.COM, INC., JOHN DOE 1-10, JOHN DOE INC 1-10, JOHN DOE LLC 1-10, and JOHN DOE PARTNERSHIP 1-10,<br><br>Defendants. | CIVIL NO. 1:26-cv-00208-RT (Other Civil action – Subrogation Claims)<br><br>DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO COMPLAINT FILED ON MARCH 2, 2026; DEFENDANT AMAZON.COM SERVICES LLC'S CROSS-CLAIM AGAINST DEFENDANTS VIVOHOME, INC., JOHN DOE 1-10, JOHN DOE INC 1-10, JOHN DOE LLC 1-10, and JOHN DOE PARTNERSHIP 1-10; EXHIBIT "A"; CERTIFICATE OF SERVICE |

**DEFENDANT AMAZON.COM SERVICES LLC'S
ANSWER TO COMPLAINT FILED ON MARCH 2, 2026**

Defendant AMAZON.COM SERVICES LLC erroneously sued as

AMAZON.COM, INC. ("Amazon"), by and through its attorneys, Fukunaga

Matayoshi Ching & Kon-Herrera, for its Answer to Plaintiff STATE FARM FIRE

AND CASUALTY COMPANY, a/s/o MOANA Z, LLC's Complaint filed March

2, 2026 (Dkt. 1, Exh. 1, the "Complaint"), alleges and avers as follows:

FIRST DEFENSE

1.      The Complaint fails to state a claim against Defendant Amazon

upon which relief can be granted.

SECOND DEFENSE

PARTIES

2.      Amazon is without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in Paragraphs 1, 2, 3, 5, 6, and 7

of the Complaint, and therefore denies the same and leaves Plaintiff to its proof.

3.      As to the allegations in Paragraph 4 of the Complaint, Amazon

admits only that Amazon.com Services LLC is a Delaware limited liability

company and has a principal place of business in Seattle, Washington.

2

JURISDICTION

4.      In response to Paragraph 8 of the Complaint, Amazon admits that this Court has jurisdiction over this action following removal from the Circuit Court of the First Circuit, State of Hawai'i, but denies the remaining allegations in Paragraph 8.

5.      Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 9, 10, and 12 of the Complaint, and therefore denies the same and leaves Plaintiff to its proof.

6.      Insofar as the allegations in Paragraph 11 are directed at Amazon, Amazon admits only that Hawaii residents can buy products offered by many different sellers on Amazon.com. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they are directed at others and therefore denies them.

7.      In response to Paragraph 13 of the Complaint, Amazon admits only that on November 10, 2021 and December 25, 2021 an Amazon account belonging to Isa Jin Choi was used to purchase a VIVOHOME Professional Facial Steamer for Esthetician with 5X Magnifying Lamp and Humidifier, 2 in 1 Ionic Face Steamer for Skin Spa for Home and Salon, Portable with Rolling Wheels from third-party seller, Vivohome, via Order Nos. 113-5344017-4234602 and 111-1189766-7329829 (one product was purchased per order number). Amazon denies

3

that it sold these two products purchased via these two Order Numbers. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint and therefore denies them.

COUNT I

PRODUCT LIABILITY

8.    In response to Paragraph 14 of the Complaint, Amazon admits only that on November 10, 2021 and December 25, 2021 an Amazon account belonging to Isa Jin Choi was used to purchase a VIVOHOME Professional Facial Steamer for Esthetician with 5X Magnifying Lamp and Humidifier, 2 in 1 Ionic Face Steamer for Skin Spa for Home and Salon, Portable with Rolling Wheels from third-party seller, Vivohome, via Order Nos. 113-5344017-4234602 and 111-1189766-7329829 (one product was purchased per order number). Amazon denies that it sold these two products purchased via these two Order Numbers. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint and therefore denies them.

9.    Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 15, 16, 17, 18, 19, 20, and 21 of the Complaint, and therefore denies the same and leaves Plaintiff to its proof.

4

## COUNT II
### BREACH OF EXPRESS & IMPLIED WARRANTIES

10. In response to Paragraph 22 of the Complaint, Amazon incorporates herein by reference its answers to the allegations contained in Paragraphs 1 through 21 of the Complaint.

11. Amazon denies the allegations contained in Paragraphs 23, 24, 25, and 26 of the Complaint insofar as they are directed at Amazon. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraphs insofar as they are directed at others and therefore denies them.

## COUNT III
### DAMAGES

12. In response to Paragraph 27 of the Complaint, Amazon incorporates herein by reference its answers to the allegations contained in Paragraphs 1 through 26 of the Complaint.

13. Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 28, 29, 30, 31, 32, and 33 of the Complaint, and therefore denies the same and leaves Plaintiff to its proof. Moreover, Damages does not constitute a separate cause of action.

14. Amazon denies any and all allegations not specifically admitted or answered hereinabove.

5

15.    Responding to the unnumbered "Wherefore" Paragraph on page 6 of the Complaint, Amazon denies that it is liable to Plaintiff in any manner whatsoever and denies that Plaintiff is entitled to any of the relief requested. Amazon denies that Plaintiff is entitled to a judgment and other relief set forth in Paragraphs A, B, C and D on page 6 of the Complaint.

THIRD DEFENSE

16.    Plaintiff has failed to name indispensable or permissive parties to this action.

FOURTH DEFENSE

17.    Plaintiff's claims against Amazon fail because Amazon did not market, sell, retail, test, inspect, promote, assemble, produce, manufacture, design, fabricate, or distribute the product, nor did it place the product into the stream of commerce.

FIFTH DEFENSE

18.    Some of Plaintiff's claims may be preempted and barred by the Communications Decency Act, 47 U.S.C. § 230.

SIXTH DEFENSE

19.    The subject Vivohome Product (see Paragraph 12 of the Complaint) was not a proximate cause of or a substantial factor in causing the fire and smoke damage as alleged in the Complaint.

SEVENTH DEFENSE

20. Plaintiff's claims against Defendant Amazon are barred because the alleged damages, if any, were not the result of any defect of the Vivohome Product, but were due to the acts, omissions, and/or other wrongful conduct of other persons, entities, or products over whom Defendant Amazon had no control, or by other superseding interventions outside of Defendant Amazon's control.

EIGHTH DEFENSE

21. Plaintiff's claims against Defendant Amazon are barred or limited by the failure of the owners and/or users of the Vivohome Product to mitigate the damages.

NINTH DEFENSE

22. Defendant Amazon did not owe any duty to Plaintiff or Plaintiff's Subrogor, and even assuming such a duty existed, Defendant Amazon did not breach said duty.

TENTH DEFENSE

23. Defendant Amazon affirmatively alleges that Plaintiff's claims, in whole or in part, are barred by the equitable doctrines of set-off, waiver, estoppel and/or unclean hands.

7

ELEVENTH DEFENSE

24.    Defendant Amazon affirmatively alleges that Plaintiff's claims, in whole or in part, are barred by the economic loss doctrine.

TWELFTH DEFENSE

25.    Plaintiff's claims against Defendant Amazon are barred or limited by the negligent acts, omissions, and/or other wrongful conduct of Plaintiff's Subrogor, including their workers, employees, agents, and others.

THIRTEENTH DEFENSE

26.    Plaintiff's claims and causes of action are barred by the applicable statutes of limitations and by defective and untimely service of process.

FOURTEENTH DEFENSE

27.    Plaintiff's claims are barred or limited by the contributory or comparative negligence of Plaintiff's Subrogor's actions and/or inactions.

FIFTEENTH DEFENSE

28.    Plaintiff's claims against Defendant Amazon are barred because the alleged injuries or damages, if any, were not the result of any act or omission by Defendant Amazon but were due to the acts or omissions of others over whom Defendant Amazon had no control, or by other superseding interventions outside of Defendant Amazon's control.

## SIXTEENTH DEFENSE

29.    Plaintiff's claims are barred or limited by the applicable provisions of the Uniform Commercial Code.

## SEVENTEENTH DEFENSE

30.    Defendant Amazon gives notice that it intends to rely upon the defense of State of the Art.

## EIGHTEENTH DEFENSE

31.    Plaintiff's claims against Defendant Amazon are barred by the failure to properly use, or the failure to properly maintain the Vivohome Product or its component parts.

## NINETEENTH DEFENSE

32.    Plaintiff's claims are barred to the extent that the Vivohome Product allegedly used at the Subrogor's business property, was misused, abused, and/or altered in a manner that was not reasonably foreseeable.

## TWENTIETH DEFENSE

33.    Defendant Amazon is informed and believes and therefore alleges that at the time the Vivohome Product was made available through the Amazon.com marketplace, Amazon had no knowledge of any defect.

## TWENTY-FIRST DEFENSE

34.    The claim is barred if the Vivohome Product used at the

9

Subrogor's property and/or its component parts had undergone substantial change in its condition since originally received.

## TWENTY-SECOND DEFENSE

35.    Defendant Amazon intends to rely on the defense that Plaintiff has failed to provide timely notice of the claim that the Vivohome Product was defective and of the March 11, 2024 fire at the Subrogor's business property.

## TWENTY-THIRD DEFENSE

36.    Defendant Amazon alleges that neither Plaintiff nor Plaintiff's Subrogor received, either directly or indirectly, any express or implied warranties from Defendant Amazon.  Nor did Plaintiff or Plaintiff's Subrogor rely on any such warranties.

## TWENTY-FOURTH DEFENSE

37.    Plaintiff's claims are barred due to lack of privity.

## TWENTY-FIFTH DEFENSE

38.    Plaintiff's claims are barred by spoliation and/or failure to preserve evidence of the Vivohome Product and of the fire and smoke damage at the Subrogor's business property.

## TWENTY-SIXTH DEFENSE

39.    Defendant Amazon gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the

10

course of discovery and trial, and reserves the right to seek leave to amend its Answer to assert any such defenses.

TWENTY-SEVENTH DEFENSE

40.     Defendant Amazon intends to rely upon and hereby assert all affirmative defenses available to it pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure.

TWENTY-EIGHTH DEFENSE

41.     Plaintiff may have received reimbursement or compensation from alternate sources and recovery must be reduced accordingly.

TWENTY-NINTH DEFENSE

42.     The benefits of the design and composition of the product outweigh the risks, if any, associated with it.

THIRTIETH DEFENSE

43.     The product at issue in this lawsuit may have contained specific warnings regarding the consequences of its use or instructions regarding the proper administration of its use. Plaintiff and/or persons or entities may have used the product in disregard of these warnings and/or instructions.

THIRTY-FIRST DEFENSE

44.     If the product at issue was defective and/or dangerous, which is denied, Amazon did not know and had no reason to know that it was the case.

11

THIRTY-SECOND DEFENSE

45.    Any foreseeable and unreasonable risk of property damage that is the subject of this litigation was a risk which Amazon did not create and/or could not reduce or eliminate.

WHEREFORE, Defendant AMAZON.COM SERVICES LLC prays for relief as follows:

A.    That the Complaint against Amazon be dismissed with prejudice, and that Amazon be awarded its reasonable attorneys' fees and costs as permitted by law.

B.    That if it be determined that Plaintiff, Plaintiff's Subrogor, Defendant Vivohome, Inc., and Amazon were negligent with respect to the events described in the Complaint, that the relative and comparative degree of fault of each party be determined in accordance with § 663-31, *Hawaii Revised Statutes*, as amended, and judgment be rendered accordingly.

C.    That the Court award Amazon such other and further relief as it deems just and equitable in the premises.

DATED:  Honolulu, Hawaii, May 1, 2026.

/s/ Sheree Kon-Herrera
WESLEY H. H. CHING
SHEREE KON-HERRERA
DARA S. NAKAGAWA
Attorneys for Defendant
AMAZON.COM SERVICES LLC

12