IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY a/s/o MOANA Z, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> VIVOHOME, INC., AMAZON.COM, INC., JOHN DOE 1-10, JOHN DOE INC 1-10, JOHN DOE LLC 1-10, and JOHN DOE PARTNERSHIP 1-10, <br><br> Defendants. | CIVIL NO. 1:26-cv-00208-RT (Other Civil action – Subrogation Claims) <br><br> DEFENDANT AMAZON.COM SERVICES LLC'S CROSS-CLAIM AGAINST DEFENDANTS VIVOHOME, INC., JOHN DOE 1-10, JOHN DOE INC 1-10, JOHN DOE LLC 1-10, and JOHN DOE PARTNERSHIP 1-10; EXHIBIT "A" |

**DEFENDANT AMAZON.COM SERVICES LLC'S CROSS-CLAIM AGAINST DEFENDANTS VIVOHOME, INC., JOHN DOE 1-10, JOHN DOE INC 1-10, JOHN DOE LLC 1-10, and JOHN DOE PARTNERSHIP 1-10**

Defendant AMAZON.COM SERVICES LLC, erroneously named as AMAZON.COM, INC. ("Amazon"), by and through its attorneys, Fukunaga Matayoshi Ching & Kon-Herrera, for its Cross-Claim against Defendants VIVOHOME, INC. ("Vivohome"), JOHN DOE 1-10, JOHN DOE INC 1-10, JOHN DOE LLC 1-10, and JOHN DOE PARTNERSHIP 1-10 (collectively "John Doe Defendants") alleges and avers as follows.

## PARTIES

1.      Amazon.com Services LLC is and was at all relevant times a Delaware limited liability company with its principal place of business in Seattle, Washington.

2.      Upon information and belief, Defendant Vivohome, Inc. is, and was at all relevant times herein, a California corporation with its principal place of business in Ontario, California.

3.      Defendants John Doe 1-10, John Doe Inc. 1-10, John Doe LLC 1-10, and John Doe Partnership 1-10 are parties whose identities are currently unknown, and who are sued under fictitious names until their identities, capacities, and responsibilities, and connections to the current lawsuit are ascertained. Amazon will seek leave to amend this Cross-Claim to identify these parties upon information obtained through discovery.

## JURISDICTION AND VENUE

4.      The United States District Court for the District of Hawaii has original jurisdiction over the underlying action by reason of complete diversity of citizenship between the parties under 28 U.S.C. §1332. Plaintiff is not a citizen of the same state as each properly joined and served Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). This Court has supplemental jurisdiction over this Cross-Claim pursuant to 28

U.S.C. § 1367, as it arises out of the same transaction or occurrence that is the subject matter of Plaintiff's Complaint. This Cross-Claim is properly brought under Federal Rule of Civil Procedure 13(g).

RELEVANT FACTS

5.      On or about March 2, 2026, Plaintiff State Farm Fire and Casualty Company, a/s/o Moana Z, LLC, filed a Complaint against Defendants Vivohome, Inc., Amazon.com, Inc. (erroneously sued in lieu of Amazon.com Services LLC), John Doe 1-10, John Doe Inc 1-10, John Doe LLC 1-10, and John Doe Partnership 1-10, the allegations of which are incorporated herein by reference ("Complaint"). See Exhibit 1 to Notice of Removal filed April 24, 2026 ("Doc. 1").

6.      Upon information and belief, the Complaint arises from alleged property damage caused by or related to a product manufactured, distributed, and/or sold by Vivohome through the Amazon.com marketplace. Amazon's role, if any, was limited to providing a marketplace platform through which Vivohome offered its products for sale to consumers.

7.      Upon information and belief, Vivohome entered into an Amazon Services Business Solutions Agreement (the "BSA") with Amazon as a condition of selling products through the Amazon.com marketplace. The BSA contains terms and conditions governing Vivohome's use of the Amazon

3

marketplace, including obligations relating to product safety, compliance with applicable laws, and indemnification of Amazon.

8.      Under sub-parts (a), (b), and (d) of Section 6.1 of the BSA, Vivohome agreed to indemnify, defend, and hold harmless Amazon and its affiliates against any claim, loss, damage, settlement, cost, expense, or other liability (including attorneys' fees) arising from or related to, among other things: (a) any non-compliance with applicable Laws; (b) Vivohomme's products, including the offer, sale, fulfillment (except the extent attributable to the FBA service), refund, cancellation, return, or adjustments thereto, and any personal injury, death (to the extent the injury or death is not caused by Amazon), or property damage related thereto; and (d) Vivohome's actual or alleged breach of its representations. See Amazon Services Business Solutions Agreement attached as Exhibit "A".

COUNT I
(Indemnification, Contribution, Subrogation and/or Reimbursement)

9.      Amazon incorporates by reference all allegations contained in paragraphs 1-8 above.

10.      Amazon denies any liability to Plaintiff, a/s/o Moana Z, LLC, but asserts this cross-claim in the alternative should liability be established.

4

11.    Amazon did not engage in any acts or omissions that in any way caused or contributed to the injuries and damages alleged by Plaintiff, a/s/o Moana Z, LLC.

12.    If Amazon engaged in any acts or omissions that in any way caused or contributed to Plaintiff, a/s/o Moana Z, LLC's, alleged injuries and damages, which it denies, such conduct was passive or secondary and was not the proximate or legal cause of such injuries and damages.

13.    If Plaintiff, a/s/o Moana Z, LLC, suffered any injuries or damages as alleged, such injuries or damages were caused by the negligence, breach of duty, product liability, breach of express or implied warranty, and/or other wrongful acts or omissions on the part of Vivohome and/or the John Doe Defendants, and not by Amazon.

14.    Based on the foregoing, if any judgment is recovered against Amazon, such damages, costs, expenses and attorneys' fees will have been caused by Vivohome and/or the John Doe Defendants for which Amazon is entitled to indemnification, contribution, subrogation and/or reimbursement from Vivohome and/or the John Doe Defendants for the entire amount of such judgment, if any, rendered against Amazon, together with expenses, costs and reasonable attorneys' fees.

15.     If Plaintiff, a/s/o Moana Z, LLC, sustained the injuries or damages as alleged in the Complaint, and if Amazon was negligent or otherwise liable, then Vivohome and/or the John Doe Defendants were also negligent or otherwise liable and said negligence or other liability of Vivohome and/or the John Doe Defendants was active and primary, and Amazon's negligence, if any, was passive and secondary, and Amazon is entitled to judgment against Vivohome and/or the John Doe Defendants, by way of indemnity, contribution, subrogation and/or reimbursement.

COUNT II
Contractual Indemnification (Against Vivohome, Inc.)

16.     Amazon incorporates by reference all allegations contained in paragraphs 1 through 15 above.

17.     Amazon denies any liability to Plaintiff, a/s/o Moana Z, LLC, but asserts this cross-claim in the alternative should liability be established.

18.     Vivohome entered into the BSA with Amazon, which constitutes a valid and enforceable contract between Vivohome and Amazon.

19.     As more fully set forth in paragraph 8 above, under the BSA, Vivohome expressly agreed to indemnify, defend, and hold harmless Amazon and its affiliates against claims arising from or related to, among other things, the matters described in sub-parts (a), (b), and (d) of Section 6.1 of the BSA.

6

20. The claims asserted by Plaintiff in the underlying Complaint arise from or relate to a product offered, sold, or fulfilled by Vivohome through the Amazon.com marketplace, thereby triggering Vivohome's indemnification obligations under the BSA.

21. Amazon intends to tender its defense to Vivohome pursuant to the BSA.

22. Upon Vivohome's anticipated failure to honor the tender, Amazon will have been damaged, as Amazon has been required to retain counsel and incur attorneys' fees, costs, and expenses in defense of Plaintiff's claims. Pursuant to the BSA, Amazon is entitled to recover from Vivohome all such fees, costs, expenses, and any judgment or settlement amount that may be rendered against Amazon in this action.

23. Amazon reserves the right to amend the cross-claim to add additional claims or parties as discovery proceeds.

WHEREFORE, Amazon prays for relief as follows:

A. That Amazon have judgment over and against Vivohome and/or the John Doe Defendants for equitable indemnification, contribution, subrogation and/or reimbursement.

B. That Amazon have judgment over and against Vivohome for contractual indemnification pursuant to the BSA, including all damages, losses,

costs, expenses, and attorneys' fees incurred by Amazon in defense of Plaintiff's claims.

C.     That if Amazon, Vivohome, and/or the John Doe Defendants are found to be joint tortfeasors, the relative and comparative degree of fault of the parties be determined in accordance with Hawaii Revised Statutes Chapter 663, and that judgment be entered accordingly.

D.     That Amazon be awarded its attorneys' fees and costs, and

E.     For such other and further relief as this Court deems just and proper.

DATED:  Honolulu, Hawaii, May 1, 2026.

/s/ Sheree Kon-Herrera
WESLEY H. H. CHING
SHEREE KON-HERRERA
DARA S. NAKAGAWA
Attorneys for Defendant
AMAZON.COM SERVICES LLC